[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married on September 9, 1988, and have resided continuously in this state for more than twelve months prior to the filing of the complaint in this matter. The marriage has broken down irretrievably. There is one minor child of the marriage, Cassandra, born March 9, 1992. Neither the plaintiff nor the defendant is receiving aid from the State of Connecticut.
The causes of the marital breakdown are attributable to both of the parties equally. The husband, fifty (50) years of age and in good health with a high school education, is employed steadily by Marlin Firearms Company, New Haven, with a take home, after taxes and insurance, of approximately $600 per week. The wife, thirty-seven (37) years of age and in good health with a B.S. in social work plus one-half of the credits for a master's degree, is employed steadily at Laurel Wood Health Health Care Center in East Haven, with a take home, after taxes and insurance, of approximately $490 per week.
Except for a possible interest in an apartment in Italy by the husband, the parties do not own real property. Whatever interest that may be will be distributed to the husband. The remaining personal assets of the parties will be identified as they are distributed between the parties.
The court, in allocating the appropriate distribution of assets, the award of no alimony to either party and the entry of a support order for the minor child, has reviewed the provisions of Connecticut General Statutes § 46b-81 and § 46b-82 and the Connecticut Child Support Guidelines.
Based on the earning power of each of the parties, the court awards neither party any sum as alimony. CT Page 3947
The bulk of the hearing before the court in this case concerned the custody of the minor child, Cassandra. Both parents and their extended families have furnished a nurturing environment for her and she is thriving physically, emotionally and intellectually. She enjoys a healthy mixture of diverse cultural values. To foster a continuation of this favorable process and to assure that the child's and her parent's everyday routine is disrupted as little as reasonable, the court enters as an order of the court the following:
The court awards joint custody of the minor child to both parents.
The child's primary residence will be with her mother.
Visitation with the father will be on an alternating week schedule as follows:
Week 1 — Thursday a.m. to Sunday at 5 p.m. — mother will drop off at father's residence on Thursday morning and father will return the child to New Fairfield on Sunday evenings.
Week 2 — Thursday a.m. to Friday at 5 p.m. — mother will drop off and pick up at father's house.
 a) Minor holidays will attach to the alternate weekend schedule, i.e., if a holiday falls on a Monday, then the minor child will be returned on Monday at 5 p.m.
 b) Easter will be spent with the mother in even numbered years and with the father in odd numbered years, with the exchange occurring on Saturday at 5 p.m.
 c) Thanksgiving will be spent with the father in even numbered years and with the mother in odd numbered years, with the exchange of the child occurring on Wednesday after work through Thursday at 7 p.m.
 d) Christmas Day from noon until 7 p.m.; December 26th will be spent with the father; Christmas Eve and Christmas Day until noon will be spent with the mother.
e) New Year's Day from noon until 7 p.m.; January CT Page 3948 2nd will be spent with the father.
 f) Mother's Day will be spent with the mother and Father's Day will be spent with the father from Saturday at 5 p.m. until Sunday at 5 p.m.
 g) Each parent will be entitled to two weeks of vacation time with the child; no more than seven days consecutively.
All transfers are to take place without verbal or physical abuse and with punctuality.
Based on the weekly income of the father and the foregoing visitation schedule, whereby the minor child spends seven of every fourteen days with her father, the child support guidelines recommended amount of $125.40 is reduced to $94.05. The defendant will pay $94.05 weekly to the plaintiff as a child support payment. Child support will continue until the child graduates from high school, but not beyond the age of nineteen (19) years.
Both parents are ordered to cover the child with health insurance through their respective employers, as long as they have such coverage available to them at a reasonable cost. All unreimbursed medical, dental, orthodontic, optical, psychological and prescriptive drug expenses will be shared equally by the parties. This order is subject to the provisions of § 46b-84
(d) of the Connecticut General Statutes.
Both parents are ordered to maintain life insurance in the minimum amount of $100,000 on their own life until Cassandra reaches eighteen (18) years of age, naming the other parent as beneficiary as trustee for Cassandra.
The 1994 Nissan Sentra is distributed to the wife. The 1990 Nissan pickup is distributed to the husband.
The joint savings account with the New Haven Savings Bank, with an approximate balance of $21,000, is ordered distributed by a payment of $10,000 to the wife by the husband within thirty (30) days of the date of this memorandum. The balance of that account is distributed to the husband. The 1994 IRS refund will be the property of the wife.
All debts listed on the financial statement of each party will be the responsibility of that party and each will hold the CT Page 3949 other harmless for any claims made against the other for those debts.
Any savings bonds or savings accounts held by the father that were purchased or established for the benefit of the minor child will be held in trust by the father for the benefit of said child, and will not be disposed of without the approval of the mother. An inventory under oath of said bonds and accounts will be furnished by the father to the mother within thirty (30) days of the date of this memorandum.
All remaining assets listed on the financial statements of each party, other than household goods, are hereby distributed to the party who has listed that asset.
Items of personal property listed in the appended "Schedule A", will be delivered by the husband at his expense to the wife, and will be properly packed to avoid damage or breakage. These items will be the property of the wife. Any remaining items of personal property in the possession of the husband will be the property of the husband. All personal property in the possession of the wife will be the property of the wife.
The husband is ordered to deliver the minor child's passport to the wife and further ordered to seek permission of the court before taking the child out of the United States.
Each party will pay for his or her own attorney's fee.
The court awards counsel fees of $11,791 to Susan S. Reynolds, counsel for the minor child. Each of the parties will pay one-half of the said fee no later than September 9, 1996.
Judgment of dissolution may enter in favor of the plaintiff in accordance with the foregoing
Stodolink, J.
SCHEDULE A
BEDROOM GARAGE
1 Tall Dresser Brown Table and 4 Chairs 1 Long Dresser with Mirror X-Country Skis 1 Jewelry Box Small Freezer in Basement Perfume CT Page 3950
CASSANDRA'S BEDROOM
Desk with Shelves
DINING ROOM
All Linen: tablecloths, placemats, napkins
LIVING ROOM
Stereo 2 Lamps in Living Room Corner Hutch in Living Room 1/2 Pictures in the bottom of Gun Cabinet to be selected by wife 1/2 Tapes (musical) in the bottom of Gun Cabinet to be selected by husband
ITEMS ON FRONT PORCH
Box of Dolls Games College Books College Degrees Clothes and Shoes in Brown Cabinet
PORCH IN THE BACK OF THE HOUSE
Christmas China Small Brown Table and Chair (Cassandra's Gift from Gwenn)
DOWNSTAIRS BASEMENT
Cookbooks All Christmas Decorations Bakeware All Tupperware Knife Set 1/2 Glasses to be selected by husband 1/2 Pots Pans to be selected by wife Bassinet